103 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Irene A. SHANDELL, Plaintiff-Appellant,
v.
Robert RUBIN,* in his official capacity as
Secretary of the U.S. Treasury Department,
Defendant-Appellee.
 No. 95-56001.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 5, 1996.
Decided Dec. 6, 1996.
 
 Before: REINHARDT, HALL, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Irene A. Shandell ("Shandell") appeals from the district court's dismissal of her second amended Title VII complaint with prejudice based on Shandell's failure to bring her action within the statute of limitations provided by 42 U.S.C. § 2000e-16(c). We affirm.
 
 FACTS AND PRIOR PROCEEDINGS
 
 3
 On November 1, 1991, Shandell, a Supervisory Revenue Officer with the Internal Revenue Service ("IRS"), contacted an Equal Employment Opportunity ("EEO") counselor regarding various employment incidents which she alleged evidenced discrimination. Equal Employment Opportunity Commission ("EEOC") guidelines required an aggrieved employee to contact an EEO counselor within 30 days of an alleged discriminatory personnel action. 29 C.F.R. § 1613.214(a)(1)(i) (1991). EEO counseling failed to resolve Shandell's grievances.
 
 
 4
 On December 24, 1991, Shandell timely filed an administrative complaint of discrimination ("First Administrative Complaint"). EEOC procedures allow the filing of such complaints within 15 calendar days after receiving notice from the EEO counselor of the right to file a complaint. 29 C.F.R. §§ 1613.214(a)(1)(ii), 1614.106(b). Shandell's First Administrative Complaint presented 16 issues.
 
 
 5
 Upon review of this complaint, the Department of the Treasury's Regional Complaint Center ("RCC") notified Shandell on January 27, 1992, that it intended to reject thirteen of the issues ("the thirteen issues") because she had failed to contact the EEO counselor within the requisite 30 day period.[1] The RCC informed Shandell, however, that the 30 day period could be extended for good cause pursuant to 29 C.F.R. § 1613.214(a)(4).
 
 
 6
 Shandell responded by letter to the RCC on March 20, 1992. She asserted that she had failed to contact the EEO counselor because of repercussion and reprisal actions taken by the IRS. On March 24, 1992, the RCC requested that Shandell provide more detailed accounts of these alleged repercussions and reprisals. The RCC explained that it needed additional information in order to determine whether the issues it intended to reject should instead be accepted for investigation.
 
 
 7
 This notice advised Shandell that her response had to be submitted within 15 days and that a failure to respond would result in the rejection of her thirteen issues. The RCC received no response from Shandell. On May 21, 1992, the RCC issued its final decision rejecting the thirteen issues.
 
 
 8
 On September 27, 1993, the Department of the Treasury issued its final decision concerning the three issues[2] accepted for investigation and also resolving four additional issues[3] accepted during the course of investigation. The RCC found that no discrimination or reprisal had occurred. The decision notified Shandell that she must file any civil action in the United States District Court within 90 days.
 
 
 9
 On the preceding February 27, 1993, Shandell had also filed a second administrative complaint of discrimination ("Second Administrative Complaint") presenting five new issues for investigation. On November 3, 1993, an agency decision was issued dismissing four of the five issues for failure to state a claim.[4] A final decision rejecting the single remaining issue presented in her Second Administrative Complaint was issued on August 24, 1994.[5]
 
 
 10
 Shandell received proper notice of her right to appeal any of the decisions to the EEOC within 20 days pursuant to 29 C.F.R. §§ 1613.231-1613.240, or to file a civil action in the district court within 90 days, 42 U.S.C. § 2000e-16(c). Shandell pro se filed her employment discrimination action in district court on April 12, 1994. Her First Complaint alleged a cause of action for violation of section 717(a) of Title VII, 42 U.S.C. § 2000e-16(a). In January of 1995, Shandell filed a Motion to amend the Complaint with the assistance of counsel, and sought leave to file a First Amended Complaint adding the Department of the Treasury and the IRS as defendants. Shandell claimed that she had "been denied promotions and the opportunity to apply for promotions due to ... race and/or color." The district court granted leave to file the complaint.
 
 
 11
 On March 24, 1995, the government filed a motion to dismiss the First Amended Complaint or in the alternative for summary judgment. The district court granted the government's motion to dismiss, finding that Shandell had failed to bring her action within the 90 day statutory period required by 42 U.S.C. § 2000e-16(c). The district court, however, granted Shandell leave to amend her First Amended Complaint in order to develop her claim of a "continuing violation". Shandell filed a Second Amended Complaint on May 12, 1995, alleging specific incidents of discrimination conforming to those presented in her First Administrative Complaint.
 
 
 12
 In response, the government filed another motion to dismiss, or in the alternative for summary judgment. The district court granted the motion to dismiss, concluding that Shandell had failed to satisfy the prescribed time period for bringing an action in district court and that the continuing violation doctrine could not cure this deficiency. "Shandell has failed to illustrate to this Court that the continuing violation doctrine applies to excuse compliance with the 90 day time limit for filing actions in federal court[.]"
 
 ANALYSIS
 A. Standard of Review
 
 13
 We review a dismissal of a complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo. Franceschi v. Schwartz, 57 F.3d 828, 830 (9th Cir.1995).
 
 B. Discussion
 42 U.S.C. § 2000e-16(c) provides that
 
 14
 [w]ithin 90 days of receipt of notice of final action taken by a department, agency, or unit ... or after one hundred eighty days from the filing of the initial charge with the department, agency, or unit, ... an employee ... if aggrieved by the final disposition of his complaint ... may file a civil action....
 
 
 15
 The final action taken by the RCC with respect to any issue raised by Shandell in her First Administrative Complaint occurred on September 27, 1993. Shandell filed her civil action in district court on April 12, 1994, more than 180 days later.
 
 
 16
 Shandell first argues that the district court erred in dismissing her Second Amended Complaint because she sufficiently alleged an exception to the § 2000e-16(c) limitations period under the "continuing violation" doctrine. Ostensibly relying on Reed v. Lockheed Aircraft Corp., 613 F.2d 757 (9th Cir.1980), and Williams v. Owens-Illinois, 665 F.2d 918 (9th Cir.), cert. denied, 459 U.S. 971 (1982), Shandell argues that it is well settled law that where systemic discrimination is alleged, suit may be brought even though there is no specific act of discrimination alleged which falls within the relevant limitations period.
 
 
 17
 Shandell, however, misreads both Reed and Williams and therefore misconstrues the operation of the continuing violation doctrine. Those cases clearly indicate that, assuming a timely filing in the district court, the "continuing violation" doctrine allows a plaintiff to include in the civil action claims of discrimination based on occurrences of discrimination which could not be filed before the agency because they fell outside the administrative time limits, as long as the facts alleged are consistent with incidents timely presented to the agency. As we have stated: "the doctrine of 'continuing violation' ... draws within the ambit of a Title VII claim all conduct occurring before and after the filing of the EEO charge, providing the conduct is 'like or reasonably related to' the events charged." Greenlaw v. Garrett, 59 F.3d 994, 1000 (9th Cir.1995); see also Sosa v. Hiraoka, 920 F.2d 1451, 1455 (9th Cir.1990); Williams, 665 F.2d at 923-24; Reed, 613 F.2d at 759-61. The continuing violation theory allows a plaintiff filing a timely action in district court to include claims of discrimination based on incidents rejected as untimely by the EEOC as long as those incidents are consistent with incidents properly brought before the agency within the limitations period.
 
 
 18
 Shandell, without supporting argument or authority, seeks to apply the continuing violation theory to the entirely separate issue of the § 2000e-16(c) limitations period for bringing an action in district court following the termination of agency proceedings. The triggering event of this 90 day limitations period of 42 U.S.C. § 2000e-16(c), however, is not any given act of discrimination, but issuance of an agency's final decision. While the continuing violation doctrine is relevant to determining the scope of acts which may be considered by the district court in a civil action, it is simply inapplicable to the determination of whether the plaintiff has filed an action in a timely fashion pursuant to § 2000e-16(c). Because Shandell filed her action long after the 90 days had run following the final decision of the EEOC on her First Administrative Complaint, the district court did not err in rejecting Shandell's claim to a timely filing of the action under the continuing violation theory.
 
 
 19
 Shandell also contends that the district court erred by dismissing her complaint with prejudice because the RCC issued a final decision with respect to the single, remaining claim of her Second Administrative Complaint on August 24, 1994. Shandell argues that because this agency decision came during the course of ongoing litigation on her First Administrative Complaint, the district court erred in dismissing her complaint because she could still amend her complaint to develop facts reflecting this other claim.
 
 
 20
 Shandell brought the final decision of the RCC on her Second Administrative Complaint to the attention of the district court in her opposition to dismissal of the Second Amended Complaint. The district court considered this agency decision and stated:
 
 
 21
 This Court notes that this letter from the RCC, and Shandell's understanding of this letter, does not have any bearing on the instant case. This letter refers to another administrative complaint ("Second Administrative Complaint"), filed with the RCC on February 27, 1993. Alleged discriminatory events referred to in this Second Administrative Complaint do not correspond to any of the allegations of the Second Amended Complaint, which is currently before this Court. Therefore, the RCC's final decision with respect to this administrative complaint is irrelevant to a determination of whether the instant action was timely filed pursuant to 42 U.S.C. § 2000e-16(c).
 
 
 22
 We reject Shandell's argument. Shandell filed her district court action on April 12, 1994. She received the final decision on the single remaining issue of her Second Administrative Complaint on August 24, 1994. On May 12, 1995, more than 240 days after receiving the August 24, 1994 final RCC agency decision, Shandell filed her Second Amended Complaint but still failed to make any reference to the issue resolved by the August 24 decision or to the Second Administrative Complaint.
 
 
 23
 Thus, at no time within the limitations prescribed by § 2000e-16(c) did Shandell bring an independent action or amend her complaint to reflect any issue raised in her Second Administrative Complaint. As the Supreme Court has stated: " § 2000e-16(c) is a condition to the waiver of sovereign immunity and thus must be strictly construed." Irwin v. Department of Veteran Affairs, 498 U.S. 89, 94 (1990). The mere fact that Shandell was still in district court contesting dismissal of prior claims made pursuant to her First Administrative Complaint provides no basis for concluding that Shandell satisfied the limitations period for bringing an action on any claim raised in her Second Administrative Complaint. We find no error in the district court's dismissal of Shandell's Second Amended Complaint with prejudice.
 
 
 24
 In view of the fact that no amount of discovery could conceivably cure the procedural defect in Shandell's Second Amended Complaint, we hold that the district court did not abuse its discretion by denying discovery.
 
 
 25
 AFFIRMED.
 
 
 
 *
 Robert Rubin is substituted for his predecessor, Lloyd Bentsen, as Secretary of the U.S. Treasury Department pursuant to Fed.R.App.P. 43(c)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 These thirteen issues were: (1) She was denied acting assignments in the Automated Collection System ("ACS") Branch since 1987. (2) She was denied a grade GS-14 temporary promotion in the Los Angeles District on or about July 1990. (3) She was harassed by an acting branch chief on or about August 1991 for the return of continuing managerial education ("CME") funds that she allegedly stole. (4) She was set up for failure on an acting branch chief assignment in the Los Angeles District on or about July 1990. (5) Management removed eighty percent of her staff and pressured her into maintaining the statistical goal lines on or about July 1990. (6) She was assigned two employees with performance problems on or about July 1990. (7) She was not given credit in her performance rating in October 1990 for an assignment as the Representative to the District Director. (8) She was denied promotion to the grade GS-13 for five years and interviewed six times before finally being promoted in 1987. (9) She was constantly cursed at by a branch chief who used profanity in 1985, 1986, 1990, 1991. (10) Her requests for reassignment to other functions were denied since being assigned to the Santa Ana post of duty in 1987. (11) White managers have been developed and moved to prime posts-of-duty or promoted since 1987. (12) She was told in 1987 that she should never compare herself to a white male. (13) Her Management Achievement Program ("MAP") plan was never perfected on or about September 1991
 
 
 [2]
 These issues were: (1) Whether Management rated Shandell's work performance as "fully successful" on or about October 7, 1991, because of her race (African-American), national origin (African-American), color (black), sex (female), age (forty-three), and religion (Christian). (2) Whether Management denied Shandell the opportunity to participate in the Automation Program in October 1991, because of her race (African-American), national origin (African-American), color (black), sex (female), age (forty-three), and religion (Christian). (3) Whether Management removed staff from Shandell's unit in October 1991, because of her race (African-American), national origin (African-American), color (black), sex (female), age (forty-three), and religion (Christian)
 
 
 [3]
 These issues were: (1) Whether a co-worker made a disrespectful remark about Shandell on or about January 22, 1992, in retaliation for Shandell's having filed an EEO complaint. (2) Whether the EEO officer harassed and embarrassed Shandell on April 14, 1992, in retaliation for Shandell's having filed an EEO complaint. (3) Whether management harassed Shandell when it denied her request for a representative on April 7, 1992, in retaliation for Shandell's having filed an EEO complaint. (4) Whether management retaliated against Shandell when it issued her Official Letter of Reprimand on June 29, 1992
 
 
 [4]
 These issues were: (1) whether management denied Shandell Continuing Management Education ("CME") monies during fiscal year 1992; (2) whether management denied Shandell reimbursement for EEO and other travel; (3) whether management has allowed other managers to mistreat Shandell; (4) whether management denied Shandell developmental opportunities, the latest of which was denial of permission to attend an Offers in Compromise (OIC) class on October 8, 1992, because of her age, color, sex, national origin, race, religion and retaliation for involvement in the Equal Employment Opportunity (EEO) complaints process
 
 
 [5]
 This issue was whether management discriminated against her by including mention of a written reprimand in Shandell's Performance Management and Recognition System Appraisal for the period October 1, 1991, to September 30, 1992