105 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Danny K. NIX, Plaintiff-Appellant,
v.
John H. DALTON, Secretary, U.S. Department of the Navy,
Defendant-Appellee.
 No. 95-56292.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 19, 1996.
 
 Before SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Danny K. Nix appeals the district court's rejection of his amended complaint after the district court granted defendant's motion to dismiss or, in the alternative, the defendant's motion for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), and for abuse of discretion the district court's denial of leave to amend, see Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991). We affirm.
 
 
 3
 On July 26, 1994, Nix filed a complaint alleging that defendant violated federal and state law by discriminating against Nix due to Nix's disability.
 
 
 4
 On October 19, 1994, the district court entered an order to show cause why the complaint should not be dismissed for lack of prosecution. On December 12, 1994, when Nix had failed to respond to the order in writing, the district court ordered Nix to appear before the court. Nix appeared with counsel on December 19, 1994, and the order to show cause was withdrawn.
 
 
 5
 On April 11, 1995, the district court issued a second order to show cause why the complaint should not be dismissed for lack of prosecution in light of Nix's failure to serve defendant in a timely fashion. On April 24, 1995, after a conference with counsel for both parties, the district court withdrew this order to show cause.
 
 
 6
 On June 23, 1995, defendant filed a motion to dismiss or, in the alternative, a motion for summary judgment. In this motion and the accompanying documents, defendants presented evidence to establish that Nix had failed to exhaust administrative remedies. On July 13, 1995, Nix's counsel signed a stipulation vacating scheduled status conferences and hearing dates and agreeing that any opposition to defendant's motion would be filed and served by July 17, 1995. In this stipulation, the parties referred to defendant's motion as a motion for summary judgment.
 
 
 7
 On July 20, 1995, defendant filed a notice of non-receipt of an opposition to defendant's motion for summary judgment. On July 27, 1995, the district court granted defendant's motion.
 
 
 8
 On July 31, 1995, the date the district court's order was entered, Nix attempted to file an amended complaint alleging facts to support an equitable-tolling argument regarding exhaustion of administrative remedies. The district court clerk returned this amended complaint in light of the district court's order granting defendant's motion.
 
 
 9
 On appeal, Nix argues that he had a right to file his amended complaint pursuant to Fed.R.Civ.P. 15(a). Rule 15 allows a party to amend the complaint "once as a matter of course at any time before a responsive pleading is served." Fed.R.Civ.P. 15(a); see Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir.1984).
 
 
 10
 Upon our review of the record, we conclude that the defendant's submissions were sufficient to establish the absence of a genuine issue as to Nix's failure to timely exhaust administrative remedies. See Greenlaw v. Garrett, 59 F.3d 994, 997 (9th Cir.1994).
 
 
 11
 Insofar as Nix contends that the district court erred by granting summary judgment where he had attempted to amend his complaint to allege facts supporting an equitable-tolling argument, his contention lacks merit. First, "[a] motion for leave to amend is not a vehicle to circumvent summary judgment." Schlacter-Jones v. General Tel. of Cal., 936 F.2d 435, 443 (9th Cir.1991); see also M/V Am. Queen v. San Diego Marine Constr. Co., 708 F.2d 1483, 1492 (9th Cir.1983). Second, Nix had entered into a stipulation which established a deadline for his opposition to the summary judgment motion. The stipulated deadline passed without any notice from Nix that he intended to file an amended complaint instead of an opposition to the summary judgment motion.
 
 
 12
 Accordingly, we conclude that the district court did not err by granting summary judgment for defendant nor did it abuse its discretion by rejecting Nix's amended complaint.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3