Paul WEEG through Becky WEEG, Personal Representative for the Estate of Paul Weeg, Plaintiff,

v.

ORTIZ AND ASSOCIATES, INC., a Domestic Business Corporation, Defendant.

Civil Case No. 07–1302–KI.

United States District Court, D. Oregon.

April 22, 2008.

Jeff Napoli, Gilroy & Napoli, LLC, Lake Oswego, OR, Sara L. Allen, Allen Law, LLC, Portland, OR, for Plaintiff.

Gordon L. Osaka, Attorney at Law, Portland, OR, for Defendant.

OPINION AND ORDER

KING, Judge.

Plaintiff in this action, Becky Weeg, personal representative of the Estate of Paul Weeg, alleges several statutory and common law tort claims related to the racial harassment Paul Weeg was allegedly subjected to during his employment at Ortiz and Associates, Inc. ("Ortiz"). Ortiz moves against plaintiff's Title VII discrimination and retaliation claims in Defendant's FRCP 56 Motion for Partial Sum-

mary Judgment re Lack of Subject Matter Jurisdiction (# 22). For the reasons below, I deny the motion.

## FACTS

Paul Weeg filed a discrimination complaint with Oregon's Bureau of Labor and Industries ("BOLI") and the Equal Employment Opportunity Commission ("EEOC") in 2006. Counsel for Paul Weeg and Ortiz exchanged letters concerning possible settlements but never came close to an agreement.

Paul Weeg died on March 15, 2007.

The BOLI investigator assigned to Paul Weeg's complaint left word with Paul Weeg's attorney on April 18, April 19, and April 30, 2007, via voice mail, email, and a letter. The investigator explained that he needed clarification on whether Paul Weeg passed away and, if so, whether his estate's personal representative wanted BOLI to continue with the investigation. The April 30 letter also stated that if BOLI did not hear from the personal representative in writing by May 23, BOLI would close the complaint. Paul Weeg's attorney responded by email on May 2 to confirm that Paul Weeg had died and that Becky Weeg, his personal representative, wanted the investigation to continue. The investigator responded later on May 2 to inform the attorney that the email was inadequate because BOLI policy requires a document indicating the identity of the personal representative and a letter from the representative indicating that the estate wants to continue the investigation.

I am aware from prior motion practice in this action that the personal representative was not formally named by the probate court until January 2008.

When the investigator heard nothing further, he drafted a Complaint Dismissal Memo–Failure to Cooperate on May 29, 2007 which memorialized the attempts to get instructions from the personal repre-

sentative. On June 1, 2007, BOLI issued a Notice of Right to File a Civil Suit letter, stating that the complaint was dismissed because the complainant did not cooperate with the investigation. The EEOC issued a Dismissal and Notice of [Suit] Rights letter on August 9, 2007, stating that the EEOC had adopted the findings of the state employment practices agency that investigated the charge. According to the investigator, extensive work had been done and a cause decision was imminent when the complaint was dismissed.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R.Civ.P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. *Universal Health Services, Inc. v. Thompson,* 363 F.3d 1013, 1019 (9th Cir. 2004).

## DISCUSSION

██ Ortiz seeks summary judgment against plaintiff's Title VII discrimination and retaliation claims. Ortiz argues that plaintiff failed to exhaust the prerequisite administrative remedies by failing to provide BOLI with the requested written authorization from the personal representative to continue the administrative investigation.

Plaintiff argues that the issuance of the "right-to-sue letter" indicates that she has exhausted her administrative remedies, giving jurisdiction to this court. Plaintiff notes that under the regulations, a complainant can ask BOLI to end an investigation and have a right-to-sue letter issued, even if the investigation is not complete.

To establish federal subject matter jurisdiction, a plaintiff must exhaust his administrative remedies before seeking adjudication of a Title VII claim. To exhaust administrative remedies under Title VII, a complainant must file a timely charge with the EEOC, allowing the agency time to investigate the charge. *Lyons v. England,* 307 F.3d 1092, 1103–04 (9th Cir.2002).

Plaintiff relies on *Carter v. Smith Food King,* 765 F.2d 916 (9th Cir.1985), in which the court discussed the validity of a right-to-sue letter issued by the California Fair Employment and Housing Act ("FEHA"), California's statutory discrimination act, at the request of the plaintiff. The court held that the plaintiff had exhausted his administrative remedies, reasoning:

> The issuance of a right-to-sue letter, whether or not upon request, signifies that the Department has determined that the claimant has satisfied all of the FEHA's requirements and is entitled to bring a civil action against the offending individual or organization. In fact, the letter issued to Carter advised him that the Department had determined that he had a right to file a lawsuit. We have no reason to believe that in sending the letter the Department, the state agency charged with enforcement of the statute at issue, was unaware of the statute's procedural requirements or deliberately flouted them. Nor have any of the appellees introduced any evidence that would support any such theory. The administrative agency's right-to-sue letter is entitled to a presumption of regularity. Accordingly, there is no legal basis for setting aside the Department's determination that Carter complied with all the procedural requirements of California law.

*Id.* at 923–24.

I see no reason why the holding in *Carter,* concerning a right-to-sue letter under the FEHA, would not apply to a right-to-sue letter under Title VII, particularly when the EEOC adopted BOLI's findings and BOLI also issued a right-to-sue letter.

Ortiz relies on cases concerning federal employees, including *Greenlaw v. Garrett,* 59 F.3d 994 (9th Cir.1995) (employee of the Department of the Navy), *cert. denied,* 519 U.S. 836, 117 S.Ct. 110, 136 L.Ed.2d 63 (1996). Federal employees, however, have additional exhaustion requirements that do not apply to private employees. For example, federal employees must contact an EEO counselor prior to filing a complaint. 29 C.F.R. §§ 1614.105(a)(1). Because the administrative requirements differ, I am not persuaded by Ortiz's argument that plaintiff failed to exhaust her administrative remedies even though the EEOC issued a right-to-sue letter. Consequently, I deny the motion for partial summary judgment.

## CONCLUSION

Defendant's FRCP 56 Motion for Partial Summary Judgment re Lack of Subject Matter Jurisdiction (# 22) is denied.

IT IS SO ORDERED.