Lourdes **SANTOS–REYES,** Plaintiff–Appellant,

v.

Michael B. **MUKASEY,** Attorney General, Defendant–Appellee.

No. 07–15801.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 21, 2008.

Filed Jan. 12, 2009.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Randal M. Barnum, Esquire, Law Offices of Randal M. Barnum, Benicia, CA, for Plaintiff–Appellant.

* This disposition is not appropriate for publication and is not precedent except as provided

Andrew Y.S. Cheng, Esquire, Office of the U.S. Attorney, San Francisco, CA, for Defendant–Appellee.

Before: HUG, NOONAN and IKUTA, Circuit Judges.

MEMORANDUM *

Appellant Lourdes Santos–Reyes appeals the district court's order granting summary judgment to the government on her Rehabilitation Act claims of disability discrimination and retaliation against her former employer, the Federal Correctional Institute in Dublin, California (FCI–Dublin).

■ Santos–Reyes sought relief through her union's negotiated grievance procedure, the Equal Employment Opportunity Commission (EEOC), and the Merit System Protection Board (MSPB). Before bringing claims of disability discrimination under the Rehabilitation Act in federal court, a party must first exhaust the administrative remedies available under Title VII. *Vinieratos v. United States Dept. of Air Force,* 939 F.2d 762, 773 (9th Cir. 1991). Santos–Reyes has failed to exhaust her administrative remedies and is therefore barred from bringing her claims in federal court.

Santos–Reyes seeks review of discrimination claims that she brought before the EEOC, which the Department of Justice dismissed on July 13, 2004. The district

by 9th Cir. R. 36–3.

court affirmed the determination of the EEOC Office of Federal Operations that Santos–Reyes had previously filed a complaint on the "same matter" in a negotiated union grievance procedure, and affirmed the dismissal of her claims. *See* 5 U.S.C. § 7121(d); 29 C.F.R. § 1614.301(a). Because we agree with the district court's finding that Santos–Reyes' EEO complaint and negotiated union grievance constitute the "same matter," we hold that her EEO complaint was properly dismissed. Because she failed to amend her union grievance and pursue the matter in the forum she initially chose, she failed to exhaust her administrative remedies under the Rehabilitation Act.

Santos–Reyes also seeks review of retaliation claims that she initially brought before the MSPB when she was terminated. After the MSPB dismissed her claims without prejudice and granted that she could re-file her claims 35 days after her claim for disability retirement was resolved, she abandoned the MSPB process. "A plaintiff may not cut short the administrative process prior to its final disposition, for upon abandonment a claimant fails to exhaust administrative relief and may not thereafter seek redress from the courts." *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir.1995). We find that Santos–Reyes failed to exhaust her administrative remedies with the MSPB and is likewise barred from bringing her retaliation claims in federal court.

Finally, because Santos–Reyes did not raise the issue of an equitable exception to the exhaustion requirement before the district court, we decline to reach it here. *See Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 882 n. 1 (9th Cir.2007).

Accordingly, we **AFFIRM**.