**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CATHY ALATORRE, an individual,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>SEAN J. STACKLEY, Secretary,<br>Department of the Navy,<br><br>Defendant-Appellee. | No.  15-55882<br><br>D.C. No.<br>3:13-cv-01702-BAS-DHB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted August 8, 2017
Pasadena, California

Before:  REINHARDT, KOZINSKI, and CHRISTEN, Circuit Judges.

1. The Navy argues that Alatorre's bankruptcy discharge of the

district court's cost award against her moots this appeal.[1]  "Article III's 'case-or-

controversy limitation' on federal court jurisdiction requires a live controversy

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1]     Because the parties are familiar with the facts and the procedural history, we do not recount them here.

between two adversaries." *United States v. Sanchez-Gomez*, 859 F.3d 649, 657 (9th Cir. 2017) (en banc). If the district court's order granting summary judgment were to be reversed on appeal, Alatorre's claims would proceed to trial and she might ultimately obtain a damages award. Thus, there is a live controversy and her appeal is not moot.

Nor does equity counsel us against entertaining this appeal. That Alatorre listed her cause of action against the Navy as an exempt asset in her bankruptcy petition is consistent with the "fresh start" policy animating the Bankruptcy Code. *See Rousey v. Jacoway*, 544 U.S. 320, 325 (2005). Alatorre did not gain an unfair advantage by filing for bankruptcy; the Navy would be in the same position whether she filed her bankruptcy petition before or after her appeal from the district court's judgment.

2. "An employer is vicariously liable for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee." *Hardage v. CBS Broad., Inc.*, 427 F.3d 1177, 1183 (9th Cir. 2005) (internal quotation marks omitted). Where harassment does not culminate in "a significant change in employment status, such as discharge or undesirable reassignment," an employer may assert an affirmative defense to vicarious liability. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1097 (9th Cir. 2008).

Alatorre's transfer to the Public Works Office (PWO) in February 2012 does not qualify as a tangible employment action because she did not show that Bergamini was involved in the decision to transfer her, and Alatorre's affidavit portrays a positive experience at the PWO. Her transfer back to the Facilities and Maintenance Division (FMD) in May 2012 does not qualify because her stint at the PWO was always intended to be temporary. Moreover, Bergamini and Grant were placed on administrative leave for three weeks immediately after Alatorre filed her informal EEO complaint. Thus, her return to the FMD lasted, at most, slightly more than a fortnight. As for her assignment to online training courses, Alatorre did not meet her burden to show a causal nexus between this assignment and Bergamini's alleged sexual harassment.

Since no tangible employment action occurred, the Navy was entitled to raise its affirmative defense, and it did so successfully. In response to Alatorre's first complaint about Bergamini, the Navy temporarily transferred her to the PWO. The FMD held a meeting emphasizing the Navy's zero-tolerance policy after Alatorre returned. When Alatorre filed an informal EEO complaint, the Navy placed Bergamini (and Grant) on administrative leave, transferred Alatorre to the PWO for the second time, and later hired a former EEOC Administrative Law Judge to conduct an investigation of her complaints. The Navy "exercised

3

reasonable care to prevent and correct promptly any sexually harassing behavior," and by delaying, Alatorre "unreasonably failed" to avail herself of the available corrective mechanisms. *See Hardage*, 427 F.3d at 1183–84.

3. Alatorre did not establish a *prima facie* case of co-worker harassment. To make out such a claim, she was required to show that she "was subjected to verbal or physical conduct of a sexual nature, . . . that was unwelcome; and . . . that was sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *E.E.O.C. v. Prospect Airport Servs., Inc.*, 621 F.3d 991, 997 (9th Cir. 2010). The alleged behavior of Alatorre's colleagues, while distasteful and offensive, was almost entirely non-sexual in nature. The only incident that bore sexual overtones was Grant's comment about her legs. But Alatorre did not show that this was more than an isolated incident or so grievous as to "amount to a [discriminatory] change in the terms and conditions of employment." *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

4. Alatorre did not exhaust the claim that she was "relegated to taking online courses" in retaliation for engaging in protected activity. "Exhaustion depends upon the 'fit' between the administrative claim, the investigation and any subsequent allegations." *Greenlaw v. Garett*, 59 F.3d 994, 1000 (9th Cir. 1995). Because this form of harassment was not like or reasonably related to the

harassment of which Alatorre complained, she was required to present it to the EEOC.

**AFFIRMED.**