**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK JIMENEZ, | No. 24-2557 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-01458-TLN-KJN |
| v. | |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, et al., | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted April 10, 2025[**]
San Francisco, California

Before:  S.R. THOMAS, PAEZ, and MILLER, Circuit Judges.

Mark Jimenez ("Jimenez") challenges the district court's order dismissing

his employment discrimination claim brought under Title VII of the Civil Rights

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Act for failure to exhaust his administrative remedies. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here. We affirm.

The district court properly dismissed the complaint for failure to exhaust administrative remedies. Plaintiffs seeking to litigate Title VII claims in federal court must first exhaust their administrative remedies. *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995). Federal employees who raise allegations of discrimination based on national origin or other protected categories may exhaust their administrative remedies in two different ways. *See* 5 U.S.C. § 7121(d). "The aggrieved employee may, as one option, raise the matter by filing a grievance under the 'negotiated procedure' described in the [collective bargaining agreement]." *Heimrich v. Dept. of the Army*, 947 F.3d 574, 578 (9th Cir. 2020). "In the alternative, the employee may raise the matter under the 'statutory procedure' by filing a formal complaint with the [EEOC]." *Id*. Once an election is made as to which procedure to follow, the decision is irrevocable. *Vinieratos v. United States Dep't of the Air Force,* 939 F.2d 762, 768 (9th Cir. 1991).

Here, Jimenez chose to pursue the "negotiated procedure" but did not follow the process to fruition. Instead, Jimenez filed a separate complaint with the EEOC before engaging in binding arbitration, and then filed suit in federal district court.

2

Jimenez concedes that "binding arbitration did not come to fruition." But his allegations do not make clear that he ever submitted his claim to binding arbitration, much less that the claim was adjudicated to completion. "A plaintiff may not cut short the administrative process prior to its final disposition, for upon abandonment a claimant fails to exhaust administrative relief and may not thereafter seek redress from the courts." *Greenlaw*, 59 F.3d at 997. The parties did not engage in binding arbitration as required by 5 U.S.C. § 7121(b)(l)(C)(iii), and therefore, Jimenez failed to demonstrate that he exhausted his administrative remedies prior to filing suit in district court.

**AFFIRMED.**