**George TANIOUS, Plaintiff–Appellant,**

v.

**INTERNAL REVENUE SERVICE, Defendant–Appellee.**

No. 88–6540.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 1990 *.

Memorandum Jan. 17, 1990.

Order and Opinion Sept. 27, 1990.

George Tanious, Bell Flower, Cal., in pro per.

William Matsumura, Asst. U.S. Atty., Los Angeles, Cal., for defendant-appellee.

Before CHAMBERS, FARRIS and NOONAN, Circuit Judges.

## ORDER

The memorandum disposition filed January 17, 1990, 893 F.2d 1339, is redesignated a per curiam opinion.

## OPINION

PER CURIAM:

Plaintiff-appellant, George Tanious brought this suit alleging wrongful termination and discrimination in violation of Title VII and the Rehabilitation Act. The district court dismissed the action. We affirm the judgment of the district court.

## FACTS

George Tanious was a revenue agent for the Internal Revenue Service. On December 28, 1983 he was removing cards from a filing drawer at the Internal Revenue Office and cut his finger which subsequently became infected. Claiming he was unable to continue performing his job due to the injury, he requested sick leave, a transfer to another department, or to be assigned an assistant who would take dictation. He was denied his requests and began receiving unsatisfactory efficiency ratings.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Eventually he was dismissed from the Service.

Tanious appealed his removal to the Merit Systems Protection Board. He, however, was uncooperative throughout the proceedings. He failed to comply with Board orders to make himself available for prehearing telephone conferences, failed to appear for a scheduled hearing, and refused to answer the Board's telephone calls or receive mail. Because of his uncooperative behavior and his refusal to attend the hearing, the Board dismissed the case for failure to prosecute. Appellant did not file an appeal of the dismissal to the full Board.

## ANALYSIS

Federal court jurisdiction for a review of discrimination complaints in the federal sector requires an exhaustion of administrative remedies. *Boyd v. U.S. Postal Service,* 752 F.2d 410 (9th Cir.1985). Tanious failed to exhaust his administrative remedies. He brought an action, but then refused to cooperate and failed to attend the hearing and pretrial conferences. *See Rivera v. U.S. Postal Service,* 830 F.2d 1037 (9th Cir.1987) (To withdraw is to abandon one's claim, to fail to exhaust one's remedy. Impatience with the agency does not justify immediate resort to the courts.), *cert. denied,* 486 U.S. 1009, 108 S.Ct. 1737, 100 L.Ed.2d 200 (1989). Tanious can not now resort to the courts after he rendered it impossible for the Board to decide his claims.

AFFIRMED.