**Kristal BARNETT, Plaintiff–Appellant,**

v.

**State of NEVADA, ex rel. ITS DEPARTMENT OF PRISONS,**
Defendant–Appellee.

No. 99–16230.

D.C. No. CV 99–081 ECR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 13, 2000.

Decided Feb. 26, 2001.

Before THOMPSON, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM *

I

Kristal Barnett ("Barnett") appeals the district court's dismissal of her complaint under Title VII of the Civil Rights Act of 1964 ("Title VII") for failure to exhaust her administrative remedies. We review the dismissal of her claim de novo. *See Witte v. Clark County Sch. Dist.*, 197 F.3d 1271, 1274 (9th Cir.1999). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

II

Barnett became pregnant while working as a correctional officer for the Nevada Department of Prisons. She was allegedly denied reasonable accommodation and, as a result, attempted to file a charge with the Nevada Equal Rights Commission ("NERC"). Pursuant to 29 C.F.R. § 1601.12(b) and Nev.Rev.Stat. § 233.160, she submitted a general intake questionnaire to the NERC.[1] After receiving her completed questionnaire, however, the NERC informed Barnett that her charge would not be filed until she filled out some additional forms and submitted additional information. In January 1998, Barnett's attorney responded to some of the NERC's queries, but still failed to submit the appropriate forms. The NERC promptly informed Barnett's attorney that the response was insufficient and that more information was still needed in order to file the charge. Barnett did not respond to this request, although her attorney had apparently indicated that she would come to the NERC's office to answer the questions. When she failed to appear, the NERC left a message on Barnett's answering machine. She never returned the call.

As a result of her lack of cooperation, the NERC informed Barnett that it had closed her file. Almost four months later, Barnett requested a "right to sue" letter from the EEOC. The EEOC refused to issue the letter because it had no record of Barnett's charge. Barnett filed a complaint in district court seeking damages for violations of the Pregnancy Discrimination Act.[2] The district court dismissed the action for failure to exhaust administrative remedies. Barnett now appeals.

III

In order to bring a Title VII action, a litigant must first exhaust her administrative remedies. *See Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir.1995). In so doing, "[s]he must have pursued her administrative claim with diligence and in

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Under a worksharing agreement with the Equal Employment Opportunity Commission ("EEOC"), the NERC was authorized to process and investigate charges on behalf of the EEOC.

2. The Pregnancy Discrimination Act was enacted in 1978 to include "pregnancy, childbirth, or related medical conditions" within Title VII's definition of "because of sex" and "on the basis of sex." *See* 42 U.S.C. § 2000e(k).

good faith." *Id.* (citing *Vinieratos v. United States, Dep't of Air Force,* 939 F.2d 762, 771 (9th Cir.1991)). Failure to cooperate with an agency constitutes a failure to exhaust administrative remedies. *See Tanious v. IRS,* 915 F.2d 410, 411 (9th Cir. 1990).

Barnett argues that but for the NERC's allegedly unlawful refusal to file her charge, the EEOC would have issued her a "right to sue" letter; thus, that she should (under equitable principles) be able to proceed in district court without the letter. We hold that Barnett's failure to cooperate with the NERC bars her action.

In *Tanious,* we held that where an administrative agency dismisses a case for failure to cooperate, the plaintiff has not exhausted her administrative remedies. *See Tanious,* 915 F.2d at 411; *Cf. Charles v. Garrett,* 12 F.3d 870, 875 (9th Cir.1993) (holding that plaintiffs who cooperate in the administrative process for 180 days after appealing to the EEOC are entitled to review by a district court). *Tanious* involved an IRS agent who sought to bring a Title VII action after his case was dismissed by the Merit Systems Protection Board. The plaintiff in that case failed to make himself available for prehearing telephone conferences, failed to appear for a scheduled hearing, and refused to answer the Board's telephone calls or mail. *See Tanious,* 915 F.2d at 411. Based on that conduct, we held that because the plaintiff failed to cooperate with the Board, he failed to exhaust his administrative remedies. *See id.*

In the present case, Barnett did not respond to the NERC's first request for additional information for over six months. She did not answer the next request for information at all. She failed to show up at the NERC's office. She also failed to return NERC's telephone call. It is clear from the record that Barnett did not act with diligence in pursuing her administrative remedies. Therefore, she has not exhausted her administrative remedies. *See Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

## III

Because Barnett's failure to cooperate with the NERC's investigation caused the administrative action to be closed without any action having been taken by the NERC, she failed to exhaust her administrative remedies.

AFFIRMED.