**Bertha WARD, Plaintiff,**

v.

**State of FLORIDA, DEPARTMENT OF JUVENILE JUSTICE, Defendants.**

**No. 4:01CV478–WCS.**

United States District Court, N.D. Florida, Tallahassee Division.

April 9, 2002.

Gary Lee Printy, Gary L. Printy, PA, Tallahassee, Fl, Marie A. Mattox, Mattox & Hood, PA, Tallahassee, Fl, for Bertha Ward, plaintiff.

Robert Jacob Sniffen, Vickie Allene Gomez, Moyle Flanigan Katz, Fitzgerald & Sheehan PA, Tallahassee, Fl, for Department of Juvenile Justice, defendant.

## ORDER

SHERRILL, United States Magistrate Judge.

This case is before me upon consent of the parties and referral by the district judge. Doc. 8. Defendant has moved for summary judgment on procedural grounds. Doc. 27. Plaintiff has filed a response and an affidavit. Docs. 41 and 42.

### Undisputed facts

Plaintiff filed a charge of discrimination on October 7, 1999, alleging discrimination in denial of promotions based upon her gender and race, and in retaliation for her union activities. The charge was filed with the Florida Commission on Human Relations (FCHR), which has a worksharing agreement with the Equal Employment Opportunity Commission (EEOC), and is empowered to investigate and conciliate charges of discrimination for the EEOC. The charge was also filed with the EEOC. On January 7, 2000, the FCHR sent a letter to Plaintiff requesting information to support her allegations. Doc. 41, Ex. B. The letter "invited" Plaintiff to participate in a "Mediation Conference in an effort to expeditiously and amicably resolve this dispute." *Id.* The letter instructed: "If you are agreeable to participating in a Mediation Conference, please call the FCHR Mediation Unit ... no later than ten (10) days from your receipt of this letter." *Id.* In the next paragraph, the FCHR asked Plaintiff to furnish "within twenty-one (21) days of the date of receipt of this letter:"

a. The minimum relief necessary to resolve this complaint.

b. An exact diary of events leading to the problem. Be very specific as to dates, time and persons involved.

c. A list of all persons who have direct knowledge of the problems leading to, or involved in, the events detailed in your complaint. Include names, addresses, telephone numbers and a summary of the information each person is expected to provide.

*Id.*

This letter is of a type routinely received by the law firm which represents Plaintiff after a charge such as this is filed with the FCHR. Doc. 42, ¶ 3. Plaintiff did not respond to this letter. Doc. 41, ¶ 5; doc. 27, ¶ 9. She did not provide the information requested, and did not call to schedule a mediation conference as provided by the letter. *Id.* The only thing Plaintiff did was to wait 180 days and then request a right to sue letter.

■ It will be assumed on this motion for summary judgment that Plaintiff could file an affidavit that the law firm which represents her routinely does not respond to the mediation opportunity afforded by the initial letter from the FCHR, but instead waits until the FCHR contacts the law firm based upon a report that the employer is willing to engage in mediation.[1] It will also be assumed that Plaintiff's law firm did not receive any further requests from either the FCHR or the EEOC for information concerning Plaintiff's charge of discrimination.

On January 7, 2000, the FCHR sent a letter to Defendant advising Defendant that Plaintiff had filed this charge of discrimination. Doc. 41, Ex. C. This letter, like the letter to Plaintiff, invited Defendant to participate in mediation. *Id.* The letter further provided that if the Defendant "decided not to participate in the mediation process," the Defendant was to "furnish in writing the information and documents requested on the enclosed list...." *Id.* The attached list contained eight types of information. *Id.*

On February 2, 2000, the Defendant sent a letter which responded to most of the request for information. *Id.*, Ex. D. Item 4 asked for "sworn statements or affidavits from the officials who were responsible for the actions taken which led to this complaint, explaining why they deemed the actions necessary. Send sworn statements from other individuals who can verify the facts in support of your position." In response to item 4, Defendant sent an email from Paul S. Hatcher,

Jr., which is notarized but lacks a jurat. *Id.*, Ex. E. In this email, Hatcher explains why Alan Hall was selected instead of Plaintiff. *Id.* This explanation apparently corresponds to the allegation in Plaintiff's charge, that "[o]n August 6, 1999, Plaintiff was advised that she had not been selected for a Juvenile Probation Officer Supervisor position for which Plaintiff had applied and was qualified. A white male candidate was selected instead." Doc. 41, ¶ 2.

Item 7 asked for the "total number of employees at the facility where Complainant was employed," with demographics for those employees. *Id.*, doc. 41, Ex. C. Defendant responded with a tally for employees in "district II" of the Florida Department of Juvenile Justice. *Id.*, Exs. D and F.

Defendant never elected to mediate, and did not notify the FCHR that it wished to mediate. Doc. 41, ¶ 14. It will be assumed that if afforded additional time to do so, Plaintiff herself would aver in an affidavit that she was willing to mediate and would admit that she never conveyed that willingness to the FCHR.

On August 8, 2001, the FCHR issued a "notice of dismissal" because more than 180 days had elapsed and because Plaintiff had withdrawn her complaint and asked for a right to sue letter. Doc. 42, ¶ 14 and Ex. C. Plaintiff filed suit in state court on about October 17, 2001, and on November 9, 2001, Defendant removed this case to this court.

---

1. An order has been entered today striking portions of the affidavit. The court, however, has an obligation to allow the parties to remedy obvious defects in summary judgment materials. *Griffith v. Wainwright*, 772 F.2d 822, 825, n. 6 (11th Cir.1985), citing *Barker v. Norman*, 651 F.2d 1107, 1128–29 & n. 26 (5th Cir. Unit A 1981). The court will assume that if an opportunity were afforded to Plaintiff, the affiant would aver that she had not received or seen from the Florida Commission on Human Relations those things which she had improperly averred the Commission did not do, and she would describe the usual practice of the law firm. These would be matters within her personal knowledge and proper under Rule 56(e).

When Plaintiff filed her suit, she had not yet received a right to sue letter, and to date, no right to sue letter has been filed. On October 16, 2001, the EEOC sent a letter to Plaintiff notifying her that her request for a right to sue letter had been sent to the United States Department of Justice for issuance of a right to sue letter. Doc. 42, ¶ 15 and Ex. D.

**Legal analysis**

On a motion for summary judgment Defendants initially have the burden to demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corporation v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). If they do so, the burden shifts to the Plaintiff to come forward with evidentiary material demonstrating a genuine issue of fact for trial. *Id.* Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), and a "scintilla" of evidence is insufficient. There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof. *Anderson v. Liberty Lobby,* 477 U.S. 242, 251, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). However, "the evidence and inferences drawn from the evidence are viewed in the light most favorable to the nonmoving party, and all reasonable doubts are resolved in his favor." *WSB–TV v. Lee,* 842 F.2d 1266, 1270 (11th Cir.1988).

Defendant contends that Plaintiff failed to exhaust her administrative remedies and that as a consequence, her complaint should be dismissed. There are two lines of cases relevant here. The first hold that even though the claimant failed to comply with requests for information, if the EEOC or the state deferral agency reaches the merits of the claim, administrative reme-dies have been sufficiently exhausted to permit litigation of the claim in court. On the other hand, if the agency dismisses the claim because the claimant has been unresponsive to the agency's requests for information, then administrative remedies have not been exhausted and the claimant may not proceed in court. *Mayfield v. Meese,* 669 F.Supp. 1123, 1126–1127 (D.D.C.1987) (citing the cases and making the distinction).

A leading case for the first proposition is *Wilson v. Pena,* 79 F.3d 154 (D.C.Cir. 1996). In the *Wilson* case, the EEOC had asked the claimant for a sworn statement as to income so that it could calculate a backpay award. The claimant provided a letter from his lawyer "describing Wilson's past sources of income," but failed to provide a sworn statement. *Id.* at 164. Nonetheless, the EEOC calculated a backpay award and "issued a check." *Id.* In other words, the EEOC reached the merits of the claim despite the fact that the claimant had not provided the information requested. As to whether administrative remedies had been exhausted, the court reasoned:

> Thus, even if the plaintiff fails to make a good-faith attempt to comply with reasonable agency requests for information, the policy underlying the doctrine is not served unless the default prevents the agency from acting on the merits of the complaint. This conclusion is borne out by the facts of the cases that have invoked the doctrine, in which the complainants rest on vague allegations of discrimination and refuse to provide any details or dates, thus completely frustrating the agencies' ability to investigate complaints.

*Wilson v. Pena,* 79 F.3d 154, 165 (D.C.Cir. 1996). The court cited 29 C.F.R. § 1613.215(a)(6) (1995), *codified as amended at* 29 C.F.R. § 1614.107(g) (1995), which

provides a procedure for the agency to "cancel an allegation or a complaint for failure to prosecute" only after giving notice to the complainant of that intended action and an opportunity cure the defect by providing the requested information. *Id.* The court further reasoned: "If the agency concludes that it has sufficient information to take final action on the merits, there is no reason to impose additional requirements on the complainant." *Id.*

The latter example is found in *Johnson v. Bergland,* 614 F.2d 415 (5th Cir.1980).[2] In that case, the complaint, an internal complaint against a federal agency, was "vacated" by the agency (that is, dismissed) because the claimant did not comply with a request that he make his allegations more specifically. *Id.* at 418. The court held: "if the agency does not reach the merits of the complaint because the complainant fails to comply with the administrative procedures the Court should not reach the merits either. Otherwise, the complainant might be dilatory at the administrative level, knowing that he can get into federal court anyway."[3] *Id.*

To like effect are other cases cited by Defendant, cases in which the EEOC or the state deferral agency dismissed the claim because the claimant had failed to provide information as requested. *Wood v. Central Parking Systems of Pennsylvania, Inc.,* No. CIV.A. 99–3022, 2000 WL 873310 (E.D.Pa.2000); *Kozlowski v. Extendicare Health Services, Inc.,* No. 99–4338, 2000 WL 193502, at *2–3 (E.D.Pa.2000); *McLaughlin v. State System of Higher Educ.,* No. 97–CV–1144, 1999 WL 239408, at *2 (E.D.Pa.1999); *Duncan v. Consoli-*

*dated Freightways Corp. of Delaware,* No. 94 C 2507, 1995 WL 530652, at *3 (N.D.Ill. 1995) (Plaintiff did not file a timely verified charge with the EEOC and his claims were dismissed for failure to cooperate); *Dates v. Phelps Dodge Magnet Wire Co.,* 604 F.Supp. 22, 24 (N.D.Ind.1984) (agency entered a finding that the claimant did not proceed because she failed to provide information as requested); *Adair v. Broadlawns Medical Center,* 102 F.Supp.2d 1092, 1094 (S.D.Iowa 1999) (the agency administratively closed the file because the claimant failed to provide information as requested); *Barnes v. Levitt,* 118 F.3d 404, 408 (5th Cir.1997) (agency cancelled the complaint when the complainant failed to provide information), *cert. denied,* 523 U.S. 1136, 118 S.Ct. 1839, 140 L.Ed.2d 1090 (1998); *Cohen v. Abbott Laboratories,* No. 98–1565, et al., 178 F.3d 1282 (4th Cir. 1999) (Table, unpublished decision) (EEOC dismissed the complaint for failure to cooperate); *Davis v. Mid–South Milling Co.,* No. 89–2829–TUB, 1990 WL 275945 (W.D.Tenn.1990); *Wade v. Secretary of the Army,* 796 F.2d 1369, 1374 and 1375, n. 7 (11th Cir.1986) (claimant failed to allege specific information concerning class allegations, and the agency rejected the complaint as insufficient). In each, the court found administrative remedies had not been adequately exhausted because the agency had dismissed the claim because the claimant had not cooperated.

■ Defendant has not cited any case like the case at bar, however, where the agency did *not* dismiss the claim for lack of cooperation by the claimant. It is Defendant's contention that the court should

---

2. The Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981, and of Unit B of the former Fifth Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981); *Stein v. Reynolds, Inc.,* 667 F.2d 33, 34 (11th Cir.1982).

3. While this case concerns federal employment, the requirement of exhaustion of administrative remedies is functionally the same as where other forms of employment are at issue, and the case, therefore, provides relevant precedent.

find that Plaintiff frustrated the administrative process and should not be permitted to proceed with this litigation, even though the administrative agency made no determination of that issue.

▇▇▇ A Title VII claimant must show a "good faith participation in the administrative process."[4] As a general proposition, it is not good faith to fail to supply information when requested. *Wade* said that "a complainant who fails to provide the agency with the information necessary to evaluate the merits of his or her complaint cannot be deemed to have exhausted administrative remedies." 796 F.2d at 1376. *Wade*, however, contemplated a situation where the agency itself had declared that the claimant's default had thwarted its ability to resolve the dispute because, at a later part of the opinion, the court spoke of a situation where "the reason given by the agency does not support *its decision to reject the complaint....* " *Id.* at 1377 (emphasis added).

▇▇▇ Out of respect for the administrative process, a court should not assume that a claimant's default in providing information as requested was the reason that the administrative process ended without reaching the merits of the claim. It is equally possible that the administrative process was unsuccessful because the agency could not devote attention to the claim in the period allotted by law due to its backlog. This possibility is recognized elsewhere in the law of Title VII. A claimant is entitled to a right to sue letter when the EEOC determines that it cannot process the claim within the 180 days provided by Title VII. *Sims v. Trus Joist Mac-Millan*, 22 F.3d 1059 (11th Cir.1994). *Sims* held that "where the EEOC determines, due to its huge backlog, that it cannot investigate an aggrieved party's

charge within the 180–day period and notifies the aggrieved party that it is terminating its investigative efforts, it is pointless for the aggrieved party to stand by and mark time until the 180–day period expires." 22 F.3d at 1061.

▇▇▇ A claimant who fails to provide information when requested by the FCHR does so at his or her peril. And, if an employer wishes to press for full exhaustion of the administrative process, the employer may move the FCHR for an order dismissing the complaint. *Cf.* Fla.Admin.Code § 60Y–4.017(1) ("After a petition is filed, a request for specific action relating to the petition shall be by motion."). The regulations provide that a complaint may be dismissed, after notice to the claimant, if the claimant fails to cooperate:

> (5) Failure to Cooperate—Complainant.
> (a) Where the complainant fails to provide a necessary statement, fails or refuses to appear or be available for interview or meetings, fails or refuses to provide necessary information requested by the Office of Employment Investigations pursuant to this section or otherwise refuses to cooperate to the extent that the Office of Employment Investigations is unable to resolve the complaint, and after notice the complainant has failed to duly respond to the Office of Employment Investigations within 30 days, the Executive Director may dismiss the complaint.

FLA.ADMIN.CODE § 60Y–5.003(5). Thus, the Commission may dismiss a claim if the claimant fails to cooperate, but only after notice is given pursuant to § 60Y–5.003(5). FLA.ADMIN.CODE § 60Y–5.006(1).

▇▇▇ This procedure allows the agency itself to decide whether its mission has

---

4. *Briley v. Carlin,* 172 F.3d 567, 571 (8th Cir.1999). *Briley* is not otherwise helpful as

it involved a claimant's rejection, during the administrative process, of full relief.

been frustrated by the default of the claimant. If it has, the agency will say so. Armed then, with a ruling by the agency dismissing the claim for failure to prosecute, the employer can successfully defend against a subsequent suit by relying on the cases cited herein by Defendant. With a ruling from the agency in the record, the court is in a much better position to apply the procedures set forth in *Wade,* for it begins with the agency's evaluation of the importance of the claimant's default to the integrity of its own processes. Even then, however, "[n]o deference may be accorded the agency or complaints examiner's findings with respect to the employee's compliance," and "[a]n evidentiary hearing may be necessary to determine compliance or lack of it." 796 F.2d at 1377. For these reasons, Defendant has not made a case for summary judgment as a matter of law for Plaintiff's failure to exhaust administrative remedies.

■ Defendant also has moved for summary judgment because Plaintiff has not yet obtained a right to sue letter. Defendant has not, however, demonstrated that Plaintiff is not entitled to the issuance of a right to sue letter, and it is undisputed that she has asked the Attorney General to issue the letter to her. The Attorney General has had six months to issue the letter, and presumably will either issue it during the course of this suit or will wrongfully withhold it. The condition precedent of a right to sue letter, therefore, is equitably waived. *Fouche v. The Jekyll Island–State Park Authority,* 713 F.2d 1518, 1526 (11th Cir.1983); *Solomon v. Hardison,* 746 F.2d 699, 702 (11th Cir.1984). *Williams v. State of Florida, Department of Corrections,* No. 5:00cv12–SPM, 2000 WL 799729 (N.D.Fla.2000) is distinguished because in that case, there had not yet been any request to the Attorney General for issuance of a right to sue letter, and hence, the court concluded that "it would be premature to conclude that the letter will be wrongfully withheld so as to warrant equitable modification."

For these reasons, Defendant's motion for summary judgment, doc. 27, is **DENIED.**