**Donald JASCH, Plaintiff–Appellant,**

v.

**John E. POTTER,\* Postmaster General, Defendant– Appellee.**

No. 01–15426.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 14, 2002.

Filed Sept. 12, 2002.

---

\* John E. Potter is substituted for his predecessor William J. Henderson as Postmaster General of the United States. Fed. R.App. P. 43(c)(2).

Jordan J. Yudien and William J. Trinkle, Yudien & Associates, Walnut Creek, CA, for the appellant.

Chingatu J. Colman, Assistant United States Attorney, San Francisco, CA, for the appellee.

Before SNEED, HUG, JR. and BERZON, Circuit Judges.

### OPINION

SNEED, Circuit Judge.

Donald Jasch ("Jasch") appeals the district court's dismissal of his Title VII employment discrimination action. Jasch's complaint alleged that his failure to be selected for training and advancement within the United States Postal Service ("USPS" or "the agency") was the result of prohibited discrimination. The district court granted the government's motion to dismiss, finding that Jasch failed to exhaust administrative remedies when he refused to cooperate with agency requests for an affidavit. We disagree and reverse.

### BACKGROUND

In 1999, while a mail handler for the USPS, Jasch sought training for and advancement to a supervisory position. Following the denial of his application, Jasch filed a formal administrative complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that his failure to be selected was the result of racial, color, gender, age, disability, and retaliatory discrimination.

The USPS recounts the following relevant facts concerning the administrative

complaint proceedings: The EEO Counselor requested, by letter, an affidavit from Jasch. This request included a warning that failure to respond could lead to a dismissal of Jasch's complaint. In addition, this letter made clear that Jasch had the burden of proving discrimination, which would be difficult to sustain without Jasch's sworn affidavit. When Jasch failed to respond to this request, the EEO Counselor sent Jasch a second letter, repeating the request and warnings. Finally, the EEO Counselor discussed the request with Jasch's attorney, who promised that an affidavit would be forthcoming.[1]

Three months after its initial request, without an affidavit from Jasch, the agency completed its investigation and issued Jasch a right-to-sue letter. Thereafter, Jasch's attorney requested the agency's final decision. The agency responded to this request with a seven-page decision, finding no discrimination. Specifically, the agency determined that Jasch failed to prove a prima facie case of discrimination in light of the agency's legitimate, nondiscriminatory reasons for its actions. Accordingly, it dismissed the complaint. Jasch did not appeal this decision to the EEOC.

Instead, Jasch timely filed a complaint in federal court. The USPS moved to dismiss the complaint for lack of subject matter jurisdiction, asserting that Jasch had failed to exhaust his administrative remedies because he refused to cooperate with the agency investigation. The district court granted the motion, and this appeal followed.

## DISCUSSION

■ We review the district court's jurisdictional dismissal de novo. *Viniera-*

*tos v. United States Dep't of Air Force,* 939 F.2d 762, 768 (9th Cir.1991). In order to bring a Title VII cause of action against a federal government agency in district court, Jasch must first exhaust his administrative remedies. *Greenlaw v. Garrett,* 59 F.3d 994, 997 (9th Cir.1995). Exhaustion requires that a plaintiff comply with regulatory and judicially-imposed exhaustion requirements, including the requirement to pursue the administrative claim "with diligence and in good faith." *Id. See also Wade v. Secretary of the Army,* 796 F.2d 1369, 1377 (11th Cir.1986) ("Good faith effort by the employee to cooperate with the agency and EEOC and to provide all relevant, available information is all that exhaustion requires.").

■ A complainant's failure to cooperate in the administrative process precludes exhaustion when it prevents the agency from making a determination on the merits. *See Tanious v. I.R.S.,* 915 F.2d 410, 411 (9th Cir.1990) (dismissal of claim upheld when claimant impeded administrative process by failing to attend hearings, return phonecalls, or receive mail). Other circuits are in agreement with this rule. *See e.g., Khader v. Aspin,* 1 F.3d 968, 971 (10th Cir.1993); *Woodard v. Lehman,* 717 F.2d 909, 915 (4th Cir.1983); *Johnson v. Bergland,* 614 F.2d 415, 417–18 (5th Cir. 1980); *Jordan v. United States,* 522 F.2d 1128, 1132–33 (8th Cir.1975).

■ This principle is consistent with the purpose of Title VII's exhaustion requirements, which is "to provide an opportunity to reach a voluntary settlement of an employment discrimination dispute." *Blank v. Donovan,* 780 F.2d 808, 809 (9th Cir.1986). Requiring the aggrieved party to comply with the administrative procedures that

---

**1.** Jasch disputes the admissibility of the government's evidence reflecting these alleged facts. Because our decision to reverse does

not depend on the admissibility of this evidence, we decline to consider the evidentiary issues.

the EEOC has developed furthers this goal of voluntary settlement. *Id.*

■ This case, however, does not fall within our rule or violate Title VII's exhaustion goal because Jasch's participation in the investigation proved sufficient to permit the agency to examine his discrimination claim. *See Wilson v. Pena,* 79 F.3d 154, 165 (D.C.Cir.1996) ("Thus, even if the plaintiff fails to make a good-faith attempt to comply with reasonable agency requests for information, the policy underlying the [exhaustion] doctrine is not served unless the default prevents the agency from acting on the merits of the complaint."). While the agency had the right to dismiss Jasch's claim for failure to cooperate, it chose not to. Faced with the situation in which the complainant fails to respond to agency requests for additional information, the agency is confronted with a choice. The agency:

> shall dismiss an entire complaint ... [w]here the agency has provided the complainant with a written request to provide relevant information ... and the complainant has failed to respond to the request within 15 days of its receipt ..., provided that the request included a notice of the proposed dismissal. Instead of dismissing for failure to cooperate, the complaint may be adjudicated if sufficient information for that purpose is available.

29 C.F.R. § 1614.107(a)(7). When an agency proceeds to reach the merits of the case rather than dismiss the claim for a failure to cooperate, it has determined that sufficient information exists for such adjudication. After all, the agency itself is in a strong position to evaluate whether the complainant has sufficiently complied with its own requests for information. Of course, the complainant who fails to respond to agency requests for information

does so at his own peril. "If a complainant forces an agency to dismiss or cancel the complaint by failing to provide sufficient information to enable the agency to investigate the claim, he may not file a judicial suit." *Wilson,* 79 F.3d at 164.

The courts that have examined the specific question before us have agreed with our conclusion. In *Wilson,* the court held that the complainant had satisfied the exhaustion requirement, despite his failure to provide a sworn affidavit as requested, because the agency made a finding of discrimination and awarded backpay. *Id.* at 164–65. Similarly, in *Ward v. Fla. Dep't of Juvenile Justice,* 194 F.Supp.2d 1250 (N.D.Fla.2002), the plaintiff did not respond to the agency's request for information and did not call to schedule a mediation conference as provided in an agency letter. *Id.* at 1252. Nevertheless, the federal court held that the plaintiff had exhausted her administrative remedy—even though the agency never reached the merits of the claim—because the agency did not dismiss the complaint for lack of cooperation. *Id.* at 1256–57. The court noted that "[t]his procedure allows the agency itself to decide whether its mission has been frustrated by the default of the claimant. If it has, the agency will say so." *Id.* *See also Mayfield v. Meese,* 669 F.Supp. 1123, 1126 (D.C.1987) ("Where the agency decides during the processing of the complaint that it has sufficient information to proceed with the adjudication of the complaint, the agency should be bound by that decision. The fact that the agency proceeded to a decision on the merits is a much more reliable indicator that a plaintiff's cooperation was adequate than the government's assertions during subsequent litigation.").[2]

■ In short, if an agency reaches the merits of a claim, despite a claimant's

---

**2.** Moreover, we have applied a similar exhaustion rule to claims arising outside of the

Title VII context. *See Socop–Gonzalez v. INS,*

failure to comply with requests for information, administrative remedies should be presumed sufficiently exhausted to permit suit in federal court.[3] The agency should know what it needs. Title VII's exhaustion requirements for suits against federal government agencies were not meant to "erect a massive procedural roadblock to access to the courts" but rather "to give the agency the opportunity to right any wrong it may have committed." *McRae v. Librarian of Congress*, 843 F.2d 1494, 1496 (D.C.Cir.1988) (internal quotations omitted). If the agency has had this opportunity and has made a determination concerning discrimination, the administrative process has not been obstructed. It has been exhausted.

## CONCLUSION

Because the agency issued a decision on the merits, it necessarily determined that sufficient information existed to permit such a decision. With exhaustion requirements thus met, the government's motion to dismiss must be denied. We accordingly reverse the dismissal and remand for further proceedings consistent with this opinion.

**REVERSED** and **REMANDED.**

---

· 272 F.3d 1176, 1186 (9th Cir.2001) (en banc) (exhausted when Board of Immigration Appeals did, in fact, consider the merits of appellant's argument); *Hosp. & Serv. Employees Union v. NLRB*, 743 F.2d 1417, 1426 (9th Cir.1984) ("[C]ourt may find exhaustion of administrative remedies even if proponent party did not raise issue before administrative agency if agency considered issue.") (citing and explaining *Wash. Ass'n for Television and Children v. F.C.C.*, 712 F.2d 677, 682 (D.C.Cir. 1983)).

**3.** In reaching this decision, we are mindful that the exhaustion requirement, as applied in this case, may not be jurisdictional at all but instead a statutory precondition to suit. *Compare Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir.2001); *Vinieratos*, 939 F.2d at 768 n. 5; *and Stache v. Int'l Union of Bricklayers and Allied Craftsmen, AFL–CIO*, 852 F.2d 1231, 1233 (9th Cir.1988) *with Tanious*, 915 F.2d at 411 *and Blank*, 780 F.2d at 809. The ultimate significance of a failure to achieve the exhaustion requirement, however, is not important to our disposition of this appeal. Even assuming that the issue is properly raised in a motion to dismiss for lack of jurisdiction, we find nothing to preclude jurisdiction when the plaintiff has cooperated sufficiently to enable the agency to make a determination on the merits. Because we find that the government's motion to dismiss should be denied, we need not also consider whether the motion is more properly treated as a nonenumerated 12(b) motion, which does not depend on jurisdiction, instead of a 12(b)(1) motion. *See Inlandboatmens Union of Pac. v. Dutra Group*, 279 F.3d 1075, 1078 n. 2 (9th Cir.2002); 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1360 (2d ed.1990). *But see* 5A Wright & Miller, *Federal Practice and Procedure* § 1350 ("This[12(b)(1)] motion may also be appropriate when plaintiff has failed to exhaust administrative remedies that are a prerequisite to his suit....").