**John McLeod GRIFFISS, M.D.,**
**Plaintiff—Appellant,**

v.

**Togo D. WEST, Jr., Secretary of the Department of Veterans Affairs, Defendant—Appellee.**

**No. 00–16813.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Decided Dec. 19, 2002.

---

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*** The Honorable Robert E. Cowen, Senior Circuit Judge for the Third Circuit, sitting by designation.

Before HAWKINS, GRABER, and TALLMAN, Circuit Judges.

MEMORANDUM *

Appellant Dr. John McLeod Griffiss appeals the district court's judgment against him on his three claims of wrongful employment actions taken by the Veterans' Administration Medical Center (VAMC): (1) discrimination in violation of the Veterans' Reemployment Rights Act (VRRA), 38 U.S.C. §§ 2021–2026;[1] (2) retaliation in violation of the Whistleblower Protection Act of 1989(WPA), 5 U.S.C. § 2302(b)(8); and age discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621–634.

■ The district court did not err in dismissing Griffiss's VRRA claim. Failure to cooperate with an agency, including failing to comply with regulatory and judicially imposed exhaustion requirements and failing to provide a statement of the basis for a claim after being asked to do so, may result in dismissal for failure to prosecute. *See Jasch v. Potter,* 302 F.3d 1092, 1096 (9th Cir.2002). Griffiss failed to comply with Merit Systems Protection Board (MSPB) regulations requiring him to timely appeal. Griffiss also failed to provide specific information requested by the administrative law judge and to do so under the applicable timelines.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In December 1994, the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), 38 U.S.C. §§ 4301–4333, supplanted the VRRA. The provisions of the VRRA, 38 U.S.C. §§ 2021–2026, were transferred and renumbered as §§ 4301–4307 of the USERRA. The USERRA specified that it applied to reemployments initiated after October 1994. Griffiss's claim arose prior to the effective date of the USERRA. Therefore, the VRRA and not the USERRA applies to Griffiss's claim.

The district court properly found that substantial evidence supported the MSPB's conclusion that Griffiss did not have a reasonable belief that losing his title was a substantial violation of law, rule, or regulation or was gross mismanagement or a gross waste of funds. Therefore, the district court did not err in granting summary judgment in favor of the VAMC on Griffiss's claim that he was subjected to reprisals for protected disclosures in violation of the WPA.

Partial summary judgment was properly entered in favor of the VAMC on Griffiss's claim that he was transferred from Chief of Microbiology to a staff physician position in violation of the ADEA. Although Griffiss presented a prima facie case of age discrimination, the VAMC offered legitimate, nondiscriminatory reasons for its actions, and Griffiss failed to introduce specific and substantial evidence that the VAMC's reasons were really a pretext for discrimination. *Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 661 (9th Cir.2002). The district court properly characterized the comment in Dr. Seaman's November 21 letter as an ambiguous stray remark, which is insufficient to defeat summary judgment. *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 918–19 (9th Cir.1996). Although there was disputed testimony regarding whether Seaman nodded in response to a statement that Griffiss allegedly made accusing Seaman of wanting someone younger for the job, at trial the district court ultimately resolved the credibility dispute in Seaman's favor and, therefore, any error in failing to consider this evidence on summary judgment was harmless.

The district court did not commit factual or legal error in resolving Griffiss's re-

maining claim–that he was not selected for the vacant position of Chief of Infectious Diseases in violation of the ADEA–in favor of the VAMC. The district court expressly discredited Griffiss's testimony regarding Seaman's nod and expressly credited Seaman's testimony that Griffiss did not meet the selection criteria. On the record before us, we cannot say that the district court's findings were clearly erroneous.

AFFIRMED.