**John F. ELIZONDO, Plaintiff–Appellant,**

v.

**SECRETARY OF the UNITED STATES DEPARTMENT OF the NAVY, Defendant–Appellee.**

**No. 06–55422.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 2008.

Filed Feb. 22, 2008.

Roxanne Allyson Davis, The Davis–Maltin Law Firm, LLP, Los Angeles, CA, for Plaintiff–Appellant.

Beth A. Clukey, Esq., Office of the U.S. Attorney, San Diego, CA, for Defendant–Appellee.

Before: HALL, GRABER, and BERZON, Circuit Judges.

**MEMORANDUM** *

Plaintiff John F. Elizondo appeals the district court's dismissal of his Title VII

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

national origin discrimination claim against Defendant Secretary of the Department of the Navy. The district court held that it lacked jurisdiction because Plaintiff had failed to exhaust his administrative remedies. On de novo review, *Vinieratos v. United States,* 939 F.2d 762, 767–68 (9th Cir.1991), we reverse and remand.

1. Plaintiff raised the issue of national origin discrimination before the Merit Systems Protection Board ("MSPB") and the Equal Employment Opportunity Commission ("EEOC") and presented a prima facie case (evidence of his national origin and his firing, along with evidence that there was no legitimate reason to fire him). The MSPB and the EEOC understood that the issue was before them and they ruled on the merits that the Navy had a legitimate, non-pretextual reason to fire Plaintiff. Therefore, the district court erred when it held that the claim was unexhausted. *Cf. Jasch v. Potter,* 302 F.3d 1092, 1095–96 (9th Cir.2002) ("In short, if an agency reaches the merits of a claim, ... administrative remedies should be presumed sufficiently exhausted to permit suit in federal court.").

2. We cannot, and do not, reach the Navy's alternative argument that we should affirm on the merits of the discrimination claim. *See Vestron, Inc. v. Home Box Office Inc.,* 839 F.2d 1380, 1381 (9th Cir.1988) ("Because the district court dismissed the action before reaching the merits, our review is confined to the jurisdictional issue.").

3. We also do not reach the question whether the district court necessarily has jurisdiction over the retaliation claim due to our remand on the discrimination claim. Plaintiff's opening brief did not raise the issue. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999) ("[O]n appeal, argu-ments not raised by a party in its opening brief are deemed waived.").

REVERSED and REMANDED.