**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-2122**
_____

MINOO E. KOBRAEI,

        Plaintiff – Appellant,

    v.

GENERAL KEITH B. ALEXANDER, Director, National Security
Agency,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Ellen L. Hollander, District Judge.
(1:11-cv-03498-ELH)

_____

Submitted:  March 25, 2013        Decided:  April 5, 2013

_____

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

James C. Strouse, STROUSE LEGAL SERVICES, Columbia, Maryland,
for Appellant. Rod J. Rosenstein, United States Attorney, Andrew
G.W. Norman, Assistant United States Attorney, Baltimore,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Minoo Kobraei appeals the district court's order granting summary judgment as to her employment discrimination claims under Title VII for failure to exhaust her administrative remedies. On appeal, Kobraei asserts that the district court erred in concluding that she failed to exhaust her administrative remedies when she did not respond to the vast majority of the agency investigator's interrogatories. We disagree, but we remand to the district court for dismissal of the action for lack of subject matter jurisdiction.

As a threshold matter, we must consider the appropriate standard of review. It is well-settled that a plaintiff must exhaust her administrative remedies before filing a lawsuit under Title VII. See, e.g., Chacko v. Patuxent Inst., 429 F.3d 505, 513 (4th Cir. 2005). "[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009); see Bonds v. Leavitt, 629 F.3d 369, 379 (4th Cir.), cert. denied sub nom Bonds v. Sebelius, 132 S. Ct. 398 (2011); Davis v. N.C. Dep't of Corr., 48 F.3d 134, 137 (4th Cir. 1995). Where the court lacks subject matter jurisdiction, "the proper course [is] to dismiss the claim instead of granting summary judgment on it." Laber v. Harvey,

2

438 F.3d 404, 414 n.5 (4th Cir. 2006); see Jones, 551 F.3d at 301.

The plaintiff bears the burden of proving the existence of subject matter jurisdiction. Smith v. Wash. Metro. Area Transit Auth., 290 F.3d 201, 205 (4th Cir. 2002). In considering a Rule 12(b)(1) motion challenging the factual basis for subject matter jurisdiction, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

Applying this standard, we conclude that the district court appropriately determined that Kobraei failed to exhaust her administrative remedies. Kobraei essentially asserts on appeal that the interrogatories propounded by the agency's Equal Employment Opportunity ("EEO") investigator imposed too heavy a burden on her, contrary to Congressional policy, and that her limited compliance with the investigator's requests was adequate to exhaust her remedies. We are cognizant that the exhaustion requirement "should not become a tripwire for hapless

3

plaintiffs" through unduly burdensome technical requirements. See Sydnor v. Fairfax Cnty., 681 F.3d 591, 594 (4th Cir. 2012). However, Kobraei's assertions are unavailing. While Kobraei relies heavily on Clark v. Chasen, 619 F.2d 1330 (9th Cir. 1980), we find this case readily distinguishable on its facts. Moreover, Clark expressly recognized that dismissal may be appropriate for failure to exhaust administrative remedies when, as here, a complainant fails to meaningfully cooperate with reasonable investigatory efforts. See id. at 1337 n.18.

Although Kobraei asserts that she provided evidence to establish that the investigator refused to interview her, our review of the record indicates that the district court properly rejected this contention. Kobraei provides no basis to conclude that her provision of voluminous records, without explanation or organization, enabled the investigator to reach an informed understanding of her claims, absent further guidance from Kobraei regarding her allegations. Rather, despite several extensions of time to comply with the investigator's requests for written responses and multiple warnings of the agency's intent to dismiss her claims, Kobraei wholly failed to answer interrogatories regarding the basic underpinnings of her claims. Kobraei's failure to provide responses to any of the substantive interrogatories propounded by the investigator effectively prevented the investigator from performing the functions served

4

by the administrative exhaustion requirement.  Under these circumstances, we conclude that the EEO was justified in dismissing her complaint for failure to cooperate, see 29 C.F.R. §§ 1614.107(a)(7), 1614.108(c)(3) (2012), and that her actions were inconsistent with exhaustion of her administrative remedies, see Woodard v. Lehman, 717 F.2d 909, 913-17 (4th Cir. 1983); Johnson v. Bergland, 614 F.2d 415, 417 (5th Cir. 1980); cf. Jasch v. Potter, 302 F.3d 1092, 1094-96 (9th Cir. 2002).

Finally, Kobraei argues that she is entitled to review of the merits of her claim because the EEO office took more than 180 days to investigate her claim and to reach a final determination.  Because Kobraei did not raise this issue in the district court, we decline to review it in the first instance. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993) (recognizing that issues raised for first time on appeal generally are not considered absent exceptional circumstances).

Accordingly, although we conclude the district court properly determined that Kobraei failed to exhaust her administrative remedies, we remand to the district court for entry of an order dismissing the case for lack of subject matter jurisdiction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before this court and argument would not aid the decisional process.

VACATED AND REMANDED