**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1674

ELIZABETH A. STEPHENS,

Plaintiff - Appellant,

v.

LOUIS DEJOY, Postmaster General United States Postal Service,

Defendant - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:21-cv-00186-JPB-JPM)

Submitted:  June 28, 2024                           Decided:  August 19, 2024

Before WILKINSON, GREGORY, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Elizabeth A. Stephens, Appellant Pro Se.  Erin K. Reisenweber, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elizabeth A. Stephens appeals the district court's order granting Appellee Louis DeJoy's motion to dismiss or, alternatively, for summary judgment on Stephens' claims of discrimination and failure to accommodate under Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794(a). Having reviewed the record and finding no reversible error, we affirm.

Stephens first challenges the district court's conclusion that her claims relating to post-2014 events were unexhausted and, thus, procedurally barred. We review de novo a district court's grant of summary judgment.[1] *Smith v. CSRA*, 12 F.4th 396, 402 (4th Cir. 2021). Summary judgment is appropriate if, viewing "the facts and all justifiable inferences arising therefrom in the light most favorable to the nonmoving party," *id.* (cleaned up), "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a).

"Rehabilitation Act claims must comply with the same administrative procedures that govern federal employee Title VII claims." *Stewart v. Iancu*, 912 F.3d 693, 698 (4th Cir. 2019) (internal quotation marks omitted). Accordingly, a Rehabilitation Act plaintiff, like a Title VII plaintiff, "must exhaust her administrative remedies by bringing a charge with the EEOC." *Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022); *see* 42 U.S.C. § 2000e-16(c). "Exhaustion requires that a plaintiff comply with regulatory and judicially-

---

[1] The district court did not specify under which standard it granted Appellee's motion. Because the district court relied on matters outside the pleadings, *see* Fed. R. Civ. P. 12(d), we construe its order as granting summary judgment in favor of Appellee.

imposed exhaustion requirements." *Jasch v. Potter*, 302 F.3d 1092, 1094 (9th Cir. 2002). The "exhaustion requirement is a non-jurisdictional processing rule, albeit a mandatory one that must be enforced when properly raised." *Walton*, 33 F.4th at 175 (internal quotation marks omitted).[2]

Our review of the record leads us to conclude that Stephens did not properly exhaust her post-2014 claims. Regardless of whether the administrative judge ("AJ") who reviewed Stephens' equal employment opportunity ("EEO") complaint erred by failing to directly address Stephens' motions to amend that complaint, the district court did not err by treating the AJ's inaction as a default denial of the amendments because Stephens' proposed amendments were not reasonably related to the claims alleged in her EEO complaint. The actions described in Stephens' motions to amend occurred more than two years after Stephens filed her EEO complaint and involved both different decisionmakers and a distinct administrative process. Accordingly, the district court did not err by finding Stephens' post-2014 allegations were procedurally barred.

As to Stephen's properly exhausted claims, the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity . . . conducted by . . . the United States Postal Service." 29 U.S.C. § 794(a). Because the language of the Americans with

---

[2] We note that the district court erroneously found it lacked jurisdiction over the unexhausted claims. But because exhaustion "must be enforced when properly raised," *Walton*, 33 F.4th at 175, this error was harmless.

3

Disabilities Act, 42 U.S.C. §§ 12101-12213 (ADA), and the Rehabilitation Act "is substantially the same," we generally "apply the same analysis to both." *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1264 n.9 (4th Cir. 1995); *see Baird ex rel. Baird v. Rose*, 192 F.3d 462, 468-69 (4th Cir. 1999).

A plaintiff claiming disability discrimination under the Rehabilitation Act must plausibly allege "that she (1) has a disability; (2) is otherwise qualified for the employment; and (3) was excluded from that employment due to discrimination solely on the basis of her disability." *Reyazuddin v. Montgomery Cnty.*, 789 F.3d 407, 418 (4th Cir. 2015). The third element of such a claim "contains two subparts: (1) an adverse employment action and (2) discrimination based solely on disability." *Id.* at 419. Finally, if the defendant demonstrates a legitimate, nondiscriminatory explanation for the challenged action, the plaintiff must prove the explanation is pretext for discrimination. *Id.*

To state a valid failure-to-accommodate claim, "a plaintiff must demonstrate that (1) she was a qualified person with a disability; (2) the employer had notice of the disability; (3) the plaintiff could perform the essential functions of the position with a reasonable accommodation; and (4) the employer nonetheless refused to make the accommodation." *Hannah P. v. Coats*, 916 F.3d 327, 337 (4th Cir. 2019). If the plaintiff "establishes her prima facie case, the [employer] avoids liability if it can show as a matter of law that the proposed accommodation will cause undue hardship in the particular circumstances." *Reyazuddin*, 789 F.3d at 414 (internal quotation marks omitted).

For the purposes of these claims, a qualified individual is one who "can perform the essential functions of the employment position they hold or desire, either with or without

4

reasonable accommodation." *Wirtes v. City of Newport News*, 996 F.3d 234, 238 (4th Cir. 2021) (cleaned up); *see Reyazuddin*, 789 F.3d at 418-19 (noting that "[t]he otherwise qualified element" of a discrimination claim "is the same as the third element of [a] failure-to-accommodate claim" (internal quotation marks omitted)). "A job function is essential when the reason the position exists is to perform that function, when there aren't enough employees available to perform the function, or when the function is so specialized that someone is hired specifically because of his or her expertise in performing that function." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 579 (4th Cir. 2015) (internal quotation marks omitted). Or, in other words, "[a] job function is essential if it bears more than a marginal relationship to the job at issue." *Rohan v. Networks Presentations LLC*, 375 F.3d 266, 279 (4th Cir. 2004) (cleaned up). "[T]he decision about a position's essential functions belongs, in the first instance, to the employer; it accordingly merits considerable deference from the courts." *Elledge v. Lowe's Home Ctrs., LLC*, 979 F.3d 1004, 1009 (4th Cir. 2020) (internal quotation marks omitted). "[I]f an employer has prepared a written description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job," 42 U.S.C. § 12111(8), but it is not dispositive, *see Elledge*, 979 F.3d at 1009.

After reviewing the record, we conclude that Stephens did not establish that she was a qualified individual under the Rehabilitation Act. The standard job description for a city letter carrier states that the carrier is expected to deliver the mail along a prescribed route on a regular schedule. According due deference to Appellee's assessment of this point, *see Elledge*, 979 F.3d at 1009, the evidence presented on summary judgment shows that the

5

ability to complete one's assigned mail route is an essential function of this position. And viewing all facts and reasonable inferences in the light most favorable to Stephens, there is no genuine dispute that, during the period relevant to this appeal, she was unable to perform this essential function of her position within the limits of her requested accommodation. Because Stephens did not establish this element of her prima facie case, the district court did not err by granting Appellee summary judgment on these claims. *See Cosby v. S.C. Prob., Parole & Pardon Servs.*, 93 F.4th 707, 722 n.19 (4th Cir. 2024) ("[W]e may affirm on any basis apparent from the record.").

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*