**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 14-1909**

─────────

KATHLEEN I. MELENDEZ,

        Plaintiff - Appellant,

    v.

SECRETARY KATHLEEN SEBELIUS, Secretary, U.S. Department of
Health and Human Services; UNITED STATES ATTORNEY'S OFFICE;
UNITED STATES ATTORNEY GENERAL,

        Defendants - Appellees.

─────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William M. Nickerson, Senior District
Judge.  (1:13-cv-02747-WMN)

─────────

Submitted:  April 24, 2015          Decided:  May 18, 2015

─────────

Before NIEMEYER, AGEE, and HARRIS, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Donald M. Temple, TEMPLE LAW GROUP, Washington, D.C., for
Appellant.  Rod J. Rosenstein, United States Attorney, Sarah A.
Marquardt, UNITED STATES ATTORNEY'S OFFICE, Baltimore, Maryland,
for Appellees.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kathleen I. Melendez -- an employee of the United States Department of Health and Human Services ("the department") -- appeals from the district court's order denying her Fed. R. Civ. P. 59(e) motion seeking reconsideration of its prior order granting Defendant Secretary Kathleen Sebelius' motion under Fed. R. Civ. P. 12(b)(1) and dismissing her civil action under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and the Rehabilitation Act of 1973 for lack of subject matter jurisdiction. We affirm.

Where a challenge under Rule 12(b)(1) is raised to the asserted basis for subject matter jurisdiction, the burden of proving the asserted basis for jurisdiction falls on the plaintiff. Smith v. Wash. Metro. Area Transit Auth., 290 F.3d 201, 205 (4th Cir. 2002); Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In determining whether jurisdiction exists, the district court is to regard the allegations in the complaint as "mere evidence" and may consider evidence outside the pleadings without converting the motion into one for summary judgment. Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768. The court should grant a Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Evans v. B.F.

2

Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (internal quotation marks omitted). We review a district court's dismissal under Rule 12(b)(1) de novo. Id.

Federal employees like Melendez who seek to enforce their rights under Title VII, the Americans with Disabilities Act, and the Rehabilitation Act must exhaust their available administrative remedies before pursuing an action in federal court. 29 U.S.C. § 794a(a)(1) (2012); 42 U.S.C. § 2000e-16(c) (2012); 42 U.S.C. § 12117(a) (2012); Brown v. Gen. Serv. Admin., 425 U.S. 820, 832 (1976); Laber v. Harvey, 438 F.3d 404, 415-16 (4th Cir. 2006); 29 C.F.R. § 1614.103(a), (b)(2) (2014). The exhaustion requirement exists to minimize "judicial interference with the operation of the federal government." Doe v. Oberweis Dairy, 456 F.3d 704, 712 (7th Cir. 2006). The requirement is meant "'to give the agency the opportunity to right any wrong it may have committed.'" Jasch v. Potter, 302 F.3d 1092, 1096 (9th Cir. 2002) (quoting McRae v. Librarian of Congress, 843 F.2d 1494, 1496 (D.C. Cir. 1988) (per curiam)). "If the agency has had this opportunity and has made a determination concerning discrimination, the administrative process has not been obstructed. It has been exhausted." Jasch, 302 F.3d at 1096.

"Exhaustion [with respect to a federal employee] requires that a plaintiff comply with regulatory and judicially-imposed

3

exhaustion requirements, including the requirement to pursue the administrative claim with diligence and in good faith." Id. at 1094 (internal quotation marks omitted). "A complainant's failure to cooperate in the administrative process precludes exhaustion when it prevents the agency from making a determination on the merits." Id.; see Wilson v. Pena, 79 F.3d 154, 164 (D.C. Cir. 1996) ("If a complainant forces an agency to dismiss . . . the complaint by failing to provide sufficient information to enable [investigation], he may not file . . . suit. Even though the dismissal is final action, . . . the suit will be barred for failure to exhaust administrative remedies." (internal quotation marks omitted)); Woodard v. Lehman, 717 F.2d 909, 915 (4th Cir. 1983) ("When the plaintiffs refused to provide such information and thereby frustrated administrative review of the merits of their claims, the District Court should not have reached the merits of their claims but should have granted the defendant's motion to dismiss for failure to exhaust administrative remedies." (internal quotation marks omitted)).

Here, Melendez initially availed herself of the relevant administrative process by filing an administrative complaint with the department and requesting a hearing before and decision from an administrative judge after the issuance of the department's investigative report. See Laber, 438 F.3d at 416;

4

29 C.F.R. §§ 1614.106, .108 (2014). Following the appointment of the administrative judge, however, Melendez failed to cooperate with the requirements of the administrative process by failing to respond to the department's discovery requests and failing to reinstate her administrative complaint after its dismissal without prejudice. By failing to so cooperate, Melendez precluded the possibility of exhaustion by preventing a determination by the administrative judge on the merits of her claims. See Jasch, 302 F.3d at 1094; Wilson, 79 F.3d at 164; Woodard, 717 F.2d at 915. She thus failed to exhaust her administrative remedies. In view of this lack of exhaustion, the district court was deprived of subject matter jurisdiction over her civil action and properly dismissed it. See Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300-01 (4th Cir. 2009); Laber, 438 F.3d at 414 n.5.

After review of the parties' briefs, we reject Melendez's claim of error, raised for the first time on appeal, that she was not required to administratively exhaust her claim of post-complaint retaliation. See Karpel v. Inova Health Sys. Servs., 134 F.3d 1222, 1227 (4th Cir. 1998). We also reject as without merit Melendez's contentions that she exhausted her administrative remedies and acted in good faith in the administrative process.

We further reject as without merit Melendez's challenge to the district court's denial of her Rule 59(e) motion. See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) ("A Rule 59(e) motion [the denial of which is reviewed for abuse of discretion] may only be granted in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." (internal quotation marks omitted)). Melendez did not rely on any intervening change in law. She also was not entitled to relief to account for new evidence because nothing in the record suggests that the evidence on which she relied in her motion was unavailable to her at the time of the district court's dismissal ruling. See Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 198 (4th Cir. 2006). The district court did not reversibly err in dismissing Melendez's action, and nothing in her motion suggested the presence of a manifest injustice. Because Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment," Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) (internal quotation marks omitted), Melendez's Rule 59(e) motion raising additional arguments to

support her position on administrative exhaustion properly was denied.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED